**Linda SARDINA, Plaintiff–Appellant,**

v.

**UNITED PARCEL SERVICE, INC., Stan Scigowski, and Thomas Dullahan, Defendants–Appellees.**

No. 06–3517–cv.

United States Court of Appeals, Second Circuit.

Nov. 20, 2007.

Saul D. Zabell, (R. Elizabeth Ureña, on brief) Zabell & Associates, P.C., Bohemia, NY, for Plaintiff–Appellant.

Kathleen M. McKenna, (Tracy I. Levy, on brief) Proskauer Rose LLP, New York, NY, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff-appellant Linda Sardina ("plaintiff") appeals from an order entered by the District Court on June 27, 2006 granting defendants' motion for summary judgment. Plaintiff, formerly an employee of United Parcel Service ("UPS"), filed an action seeking monetary damages and equitable relief for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–107 *et seq.* against UPS, Stan Scigowski and Thomas Dullahan (collectively "defendants") for creating a hostile work environment and retaliating against her when she complained about sexual harassment. The District Court granted summary judgment to defendants pursuant to Fed.R.Civ.P. 56. The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of the case.

Plaintiff was hired on November 10, 1993 by UPS on a part-time basis as a "tracing clerk" at the UPS Foster Avenue facility in Brooklyn. On January 1, 1997, she was promoted to a full-time position as an Operations Management Specialist ("Specialist") at the Times Plaza Center. Plaintiff alleges that during the time she was assigned to work at the Times Plaza Center, from January 1997 through October 1998, she was subjected to sex-based harassment by the Center Manager, defendant Stan Scigowski, and a co-worker, defendant Thomas Dullahan, as well as other employees, particularly through sexually suggestive remarks and inappropriate comments—for example, Scigowski's reference to the Specialists as "office bitches." Eighteen months after the allegedly harassing conduct began, plaintiff complained about Scigowski's comments to the Division Manager, and was transferred to another facility after a medical leave of absence for "an emotional breakdown." There she alleges she was subjected to retaliatory treatment by Andy Schwartz, her supervisor, and other employees. In particular, she alleges that he did not honor the reduced work schedule which was agreed to by the Division Manager as an accommodation for her medical condition.

We review *de novo* a district court's orders granting summary judgment and focus on whether the District Court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). "We have sometimes noted that an extra measure of caution is merited in affirming summary judgment in a discrimination action because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions.... Nonetheless, summary judgment remains available for the dismissal of discrimination claims in cases lacking genuine issues of material fact." *Holtz v. Rockefeller & Co.,* 258 F.3d 62, 69 (2d Cir.2001) (internal citations and quotation marks omitted).

Plaintiff argues that the District Court failed to consider the "totality of the circumstances" described by plaintiff when it assumed that plaintiff subjectively experienced the alleged conduct as sexual

harassment, but concluded that the conduct was "objectively insufficient to have altered the conditions of her employment." *Garone v. United Parcel Serv., Inc.*, 436 F.Supp.2d 448, 469 (E.D.N.Y.2006). Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). In order to prove a workplace is actionably hostile under this provision, plaintiff must demonstrate that she "subjectively perceive[d] the environment to be abusive" and that the conduct alleged objectively created "an environment that a reasonable person would find hostile or abusive." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). As the District Court noted, "Title VII aims to eradicate discrimination on the basis of sex, not enact a 'general civility code on the American workplace'" *Garone*, 436 F.Supp.2d at 464 (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 79, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (internal citation and quotation marks omitted).

■ The actions plaintiff alleges—a few off-color comments including references to "office bitches" and "Brooklyn bimbettes" by her supervisor and sexually suggestive comments by coworkers with whom she would tell sexual jokes—do not rise to the level of an objectively hostile work environment. Moreover, because plaintiff does not show that the alleged supervisory harassment resulted in a "tangible employment action," *Petrosino v. Bell Atlantic,*

385 F.3d 210, 225 (2d Cir.2004), UPS can successfully assert the defense that "(a) it 'exercised reasonable care to prevent and correct promptly any sexually harassing behavior' and (b) 'the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.'" *Id.* (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) and citing *Faragher*, 524 U.S. at 807, 118 S.Ct. 2275 and *Mack v. Otis Elevator Co.*, 326 F.3d 116, 125 (2d Cir.2003)). Likewise, the alleged actions of defendant Dullahan and the other employees, consisting entirely of occasional off-color comments, do not rise to the level of creating a hostile work environment. "The incidents of allegedly offensive conduct must also be 'more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Holtz*, 258 F.3d at 75 (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir.1997)).

■ Plaintiff also alleges that she was subjected to retaliation when she complained about the alleged activities to the Division Manager. This claim is also without merit. In order to establish a claim for retaliation, an employee must demonstrate that (1) she was engaged in protected activity; (2) the employer was aware of the employees's participation in the protected activity; (3) the employer took action that a reasonable employee would have found materially adverse and (4) a causal connection existed between the employee's protected activity and the adverse action taken by the employee. *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205–207 (2d Cir.2006). Plaintiff provides no evidence to establish that the supervisor who allegedly retaliated against her, Schwartz, knew about her complaint or that there was any connection between her complaint and being required to work full days. To the contrary, it

appears that the supervisors at UPS took plaintiff's complaints seriously, corrected the improper comments on the part of Scigowski, and transferred her to other locations when she requested a transfer.

We have considered all of plaintiff's claims on appeal, and we find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.